UNITED STATES DISTRICT COURT  
WESTERN DISTRICT OF KENTUCKY  
OWENSBORO DIVISION  
CIVIL ACTION NO. 4:22-cv-10-JHM

| | |
|---|---|
| PRESTON HUNT, | : |
| Plaintiff, | : |
| v. | : **COMPLAINT FOR MONEY DAMAGES AND JURY DEMAND** |
| CITY OF MADISONVILLE, KENTUCKY | : |
| Serve: Mr. Kevin Cotton, Mayor<br>67 N. Main Street<br>Madisonville, Kentucky 42431 | : **Filed Electronically** |
| Defendant. | : |

* * * * * *

Comes now the Plaintiff, Preston Hunt, by counsel, and for his Complaint for Money Damages and Jury Demand, against the Defendant, City of Madisonville, Kentucky, states as follows:

### THE PARTIES

1. The Plaintiff, Preston Hunt, is at all times relevant herein a resident of Hopkins County, Kentucky, residing at 625 Balls Hill Road, Nebo, Kentucky 42441.

2. The Defendant, City of Madisonville, Kentucky, is an incorporated city in the State of Kentucky.

3. The City of Madisonville, Kentucky has enacted various zoning, nuisance, and other ordinances pertaining to the health and safety of structures located within the territorial limits of the City.

### JURISDICITON AND VENUE

4. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this is a case which arises under the provision of Title 42 of the United States Code, the Civil Rights Act. This Honorable Court also has pendant jurisdiction of state claims contained herein to 28 U.S.C. § 1367.

5. Venue is proper in this Honorable Court as the actions involved herein arose in Hopkins County, Kentucky.

## NATURE OF THE ACTION

6. This is an action for monetary damages and Jury demand stemming from the Defendant's unlawful deprivation of the Plaintiff's property rights without due process, loss of that property and attendant income, and pendant State Court claims of unlawful destruction of property, trespass, and slander of title.

## FACTS

7. The City, by and through City of Madisonville, Kentucky, Ordinance § 150.03, and §152.03, has adopted in its entirety the 2012 International Property Maintenance Code, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

8. The 2012 International Property Maintenance Code, adopted in its entirety by the City of Madisonville, Kentucky, requires that structures not be a danger to the life, health, property or safety of the public.

9. The City of Madisonville, Kentucky, code further requires that the Code Enforcement Officer, when declaring a structure unsafe, notify the owner of the property, via certified mail (Ordinance §92.04(a)), of the alleged code violation, and must, at a minimum, advise the owner of the property as follows:

   a. A statement of the violation or violations and why the notice is being issued;

  b. Include a correction order allowing a reasonable time to make repairs and improvements required to bring the dwelling unit or structure into compliance with the provisions of the code; and

  c. Inform the property owner of the right to appeal.

  d. A statement of the City's right to file a lien in accordance with Section 106.3.

  10. The City of Madisonville, Kentucky, ordinances further require that should a structure be condemned, the Code Enforcement Officer must give the owner the option to effectuate repairs to make the structure safe and sanitary.

  11. The Plaintiff, Preston Hunt, is the record title owner of a certain city lot commonly known as 153 West Noel Avenue, Madisonville, Kentucky 42431, a copy of the deed of conveyance is attached hereto as Exhibit "B", and incorporated herein by reference.

  12. Located upon said real estate was certain carwash and movable equipment which the Plaintiff utilized to generate income.

  13. The Defendant, City of Madisonville, Kentucky, by and through its Building Official, Frank Wallace, purportedly entered the premises located at 153 West Noel Avenue, Madisonville, Kentucky 42431, on or before March 30, 2021.

  14. Upon entry to the premises, the aforementioned Building Official purportedly declared the property "unsafe for occupancy" and condemned at this time.

  15. The Building Official purportedly mailed a letter to the Plaintiff, via regular mail, a copy of which is attached hereto as Exhibit "C", an incorporated herein by reference.

  16. The purported letter stated, verbatim, "The property listed above is in violation of the 2012 International Property Maintenance Code."

17. The Building Official purportedly placed a condemnation notice upon the property, a copy of which is attached hereto as Exhibit "D", and incorporated herein by reference.

18. The Plaintiff, Preston Hunt, never received notice that his property was condemned.

19. Subsequent to March 30, 2021, the City of Madisonville, Kentucky, either through its own employees or through paid contractors, entered upon the Plaintiff's property located at 153 West Noel Avenue, Madisonville, Kentucky 42431, and demolished and destroyed the structure and movable equipment.

20. The Plaintiff discovered the property's destruction several months later when he was traveling on West Noel Avenue.

21. The City of Madisonville, Kentucky, further caused to be filed a "Nuisance Abatement Lien" in the amount of $3,675.0 on June 24, 2021, a copy of which is attached hereto as Exhibit "E", and incorporated herein by reference.

22. The notice letter dated March 30, 2021, was deficient, invalid, and contrary to the express provisions of the City of Madisonville, Kentucky's own ordinances, in at least the following ways:

    a. Said letter was not sent certified mail;

    b. Said letter failed to adequately set forth the alleged violations, and / or adequately explain why the notice was issued;

    c. Said notice failed to include a correction order allowing for a reasonable time to repair and / or rehabilitate the property;

    d. Said notice failed to advise of any appeal rights; and

  e. Said letter failed to advise that a lien could be filed on the property.

  23. The Due Process Clause of the Fourteenth Amendment to United States Constitution provides that no State shall deprive any person of "life, liberty, or property without due process of law."

  24. The Plaintiff had a constitutionally protected property interest in the subject carwash and movable equipment.

  25. The Plaintiff was deprived of this constitutionally protected property interest, by the City of Madisonville, Kentucky's unilateral declaration of condemnation and destruction of the Plaintiff's carwash and movable equipment.

  26. The City of Madisonville, Kentucky's actions as complained of herein violated the Plaintiffs' constitutional rights of procedural due process, and such deprivations of liberty, have caused the Plaintiff to incur substantial damages, including, but not limited to, loss of use of the property, loss of income, and loss of the carwash and movable equipment.

  27. The Plaintiff received no actual notice from the City of Madisonville, Kentucky, regarding its condemnation of his carwash and movable equipment.

  28. The notice letter that was purportedly sent by the City of Madisonville, Kentucky, was grossly deficient and contrary to the City's own enacted ordinances, resulting in constitutionally inadequate process.

<u>**CLAIMS FOR RELIEF/CAUSES OF ACTION**</u>

**COUNT I**
**PROCEDURAL DUE PROCESS – 14TH AMENDMENT AND <u>42 U.S.C. § 1983</u>**

  29. The Plaintiff incorporates by reference his allegations set forth in Paragraphs 1 through 28 above, as if set forth herein.

30. Pursuant to the United States Constitution, the Plaintiff holds a constitutionally protected property interest in the subject real estate, carwash, movable equipment, and all rights and benefits arising therefrom.

31. The City of Madisonville, Kentucky, and Frank Wallace, acting on behalf of and with authority granted by the Commonwealth of Kentucky, and under color of state law, has disregarded the property rights of the Plaintiff, and have acted, to deprive the Plaintiff of his constitutionally protected property rights without the legal right to do so.

32. The Defendants failed to give the Plaintiff proper notice of its intention to raze the subject structure and movable equipment.

33. The Defendant failed to provide the Plaintiff with adequate notice, and with an opportunity for a hearing regarding its decision to condemn and raze the property. Furthermore, the City of Madisonville has no procedural mechanism to address persons aggrieved by decisions of the Madisonville Building Inspector.

34. By failing to provide the Plaintiffs with notice and the opportunity for a hearing, the City of Madisonville violated the Plaintiffs' Fourteenth Amendment right to due process.

35. The Defendants' deprivations of the Plaintiff's constitutional and property rights, without due process of law, have caused the Plaintiff substantial economic injuries including, but not limited to, the deprivation of its property and the loss of income benefits, in violation of his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §1983, and the Kentucky Constitution.

**COUNT II**
**UNLAWFUL TAKING AND DUE PROCESS - 5TH AMENDMENT AND 14TH AMENDMENT**

36.     The Plaintiff incorporates by reference his allegations set forth in Paragraph 1 through 35 above as if set forth herein.

37.     The above-described actions of the City of Madisonville, Kentucky, acting on behalf of and with authority granted by the Commonwealth of Kentucky, and under color of state law, has disregarded the property rights of the Plaintiff, including his right to the movable equipment, and has acted, to deprive the Plaintiff of his constitutionally protected property rights without the legal right to do so.

38.     Moreover, the City of Madisonville, Kentucky, unlawfully filed a lien against the Plaintiff's property in the amount of $3,675.00.

39.     The actions of the Defendants, as set forth above, including the destruction of the Plaintiff's carwash and movable equipment, and the filing of an unlawful lien, amounts to a taking of the Plaintiff's property without just compensation, causing the Plaintiff to incur substantial economic and other damages.

## COUNT III
## TRESPASS

40.     The Plaintiff incorporates by reference his allegations set forth in Paragraph 1 through 39 above as if set forth herein.

41.     On or after March 30, 2021, the City of Madisonville, by and through its employee, Frank Wallace, other unknown City employees, and / or unknown excavator contractors, unlawfully entered the property of the Plaintiff to engage in the unlawful destruction of the carwash and movable equipment.

42.     The actions of the Defendant as complained of above constitute a trespass.

43.     As a result of the Defendant's trespass, the Plaintiff has incurred damages in excess of $40,000.00.

## COUNT IV
## VIOLATIONS OF KRS 65.8800. ET SEQ

44. The Plaintiff incorporates by reference his allegations set forth in Paragraph 1 through 43 above as if set forth herein

45. The City of Madisonville, Kentucky, further violated the provisions of KRS 65.8800, et seq., KRS 198B, et seq., which violations permit the Plaintiffs to recover from the City of Madisonville, Kentucky, pursuant to KRS 198B.130 and KRS 446.070.

## COUNT V
## SLANDER OF TITLE

46. The Plaintiff incorporates by reference his allegations set forth in Paragraph 1 through 45 above as if set forth herein.

47. The City of Madisonville, Kentucky, knowingly and maliciously filed the nuisance abatement lien with the Hopkins County Court Clerk.

48. The filing of this lien was based upon charges purportedly incurred by the City of Madisonville, Kentucky, in connection with the unlawful destruction of the Plaintiff's carwash and movable equipment.

49. The nuisance abatement lien filed by the City of Madisonville, Kentucky, is therefore false, and said lien statement has disparaged and created a cloud upon the Plaintiff's title to his real estate.

50. The City of Madisonville, Kentucky, is therefore liable to the Plaintiff for damages stemming from its slander of title of the Plaintiff's real estate.

## COUNT VI
## PUNITIVE DAMAGES

51. The Plaintiff incorporates by reference his allegations set forth in Paragraph 1 through 50 above as if set forth herein

52. The actions of the City of Madisonville, Kentucky, as complained of herein, were oppressive, malicious, and made with reckless disregard for the property rights of the Plaintiffs, which entitle the Plaintiffs to receive punitive damages from the City of Madisonville, Kentucky, in the amount of $200,000.00.

## COUNT VII
## ATTORNEY FEES

53. The Plaintiff incorporates by reference his allegations set forth in Paragraph 1 through 52 above as if set forth herein.

54. Pursuant to 42 U.S.C. § 1988, the Plaintiff is entitled to an award of its attorney fees as a result of the Defendant's unconstitutional conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, respectfully requests the following relief:

A. That this Honorable Court find and adjudge that the Defendant's actions as complained of herein have deprived the Plaintiff of his constitutional rights, and specifically, failed to provide the Plaintiff adequate notice and an opportunity to be heard, in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983;

B. That this Honorable Court find and adjudge that the Defendant's actions as complained of herein have deprived the Plaintiff of his constitutional rights, and specifically constitute an unlawful taking and deprivation of property without due process and compensation in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983;

C. That this Honorable Court award the Plaintiff monetary damages against the Defendant for its violations of the Plaintiff's Federally protected constitutional rights, and the Defendants' violation of the provisions of 42 U.S.C. §1983;

D. That this Honorable Court award damages to the Plaintiff for the Defendant's trespass;

E. That this Honorable Court award the Plaintiff damages for the Defendant's violation of KRS 65.8800,et seq.;

F. That this Honorable Court award the Plaintiff damages for the Defendant's slander of his title to his real estate;

G. That this Honorable Court award punitive damages in the amount of $200,000.00;

H. That this Honorable Court find and adjudge that the Plaintiffs are entitled to their costs, including reasonable attorney fees, pursuant to 42 U.S.C. §1988;

I. That this Honorable Court award pre and post judgment interest;

J. Trial by Jury; and

K. That this Honorable Court award any and all such other relief to which it may appear entitled.

Respectfully submitted,

*/s/ Thomas E. Springer III*
Thomas E. Springer III, Esq.
18 Court Street
Madisonville, Kentucky  42431
(270) 825-2284 (telephone)
(270) 825-2287 (fax)
tomspringer@bellsouth.net
*Attorney for Plaintifs*